UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RICHARD SMITH,

                                  Plaintiff,

            -against-

THE CITY OF NEW YORK and JOHN and JANE DOE 1
Through 10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                Defendants.

------------------------------------------------------------------------ x

**ANSWER**

07-CV-9379 (PAC)

Jury Trial Demanded

        Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.      Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2.      Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        3.      Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        4.      Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

        5.      Defendant states that the allegations set forth in paragraph "5" of the complaint are not averments of fact, and accordingly, no response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Admits the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York, that it maintains a police department, and respectfully refers the Court to the New York City Charter and Administrative Code for a full description of the City's functions and duties.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Defendant states that the allegations set forth in paragraph "10" of the complaint are conclusions of law, not averments of fact, and accordingly, no response is required.

11. Defendant states that the allegations set forth in paragraph "11" of the complaint are conclusions of law, not averments of fact, and accordingly, no response is required.

12. Defendant states that the allegations set forth in paragraph "12" of the complaint are conclusions of law, not averments of fact, and accordingly, no response is required.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admits that plaintiff was arrested on July 22, 2006.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. In response to the allegations set forth in paragraph "17" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "16" of this answer as if fully set forth herein.

18. Defendant states that the allegations set forth in paragraph "18" of the complaint are conclusions of law, not averments of fact, and accordingly, no response is required.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Defendant states that the allegations set forth in paragraph "20" of the complaint are conclusions of law, not averments of fact, and accordingly, no response is required.

21. Defendant states that the allegations set forth in paragraph "21" of the complaint are conclusions of law, not averments of fact, and accordingly, no response is required.

22. Defendant states that the allegations set forth in paragraph "22" of the complaint are conclusions of law, not averments of fact, and accordingly, no response is required.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "22" of this answer as if fully set forth herein..

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "25' of this answer as if fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "29"of this answer as if fully set forth herein.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "31" of this answer as if fully set forth herein.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "34 of this answer as if fully set forth herein.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "37" of this answer as if fully set forth herein.

39. Defendant states that the allegations set forth in paragraph "39" of the complaint are conclusions of law, not averments of fact, and accordingly, no response is required.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint, including all subparts thereto.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. In response to the allegations set forth in paragraph "48" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "47" of this answer as if fully set forth herein.

49. Denies the allegations set forth in paragraph "49" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the New York City Comptroller's Office on or about October 4, 2006.

50. Denies the allegations set forth in paragraph "50" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the New York City Comptroller's Office on or about October 4, 2006, and that the claim has not yet been settled or adjusted.

51. Denies the allegations set forth in paragraph "51" of the complaint, except admits that the Complaint was filed with the Court on October 19, 2007.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Defendant states that the allegations set forth in paragraph "53" of the complaint are conclusions of law, not averments of fact, and accordingly, no response is required.

54. In response to the allegations set forth in paragraph "54" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "53" of this answer as if fully set forth herein.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "56" of this answer as if fully set forth herein.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. Denies the allegations set forth in paragraph "59" of the complaint.

60. In response to the allegations set forth in paragraph "60" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "59" of this answer as if fully set forth herein.

61. Denies the allegations set forth in paragraph "61" of the complaint.

62. Defendant states that the allegations set forth in paragraph "62" of the complaint are conclusions of law, not averments of fact, and accordingly, no response is required.

63. Defendant states that the allegations set forth in paragraph "63" of the complaint are conclusions of law, not averments of fact, and accordingly, no response is required.

64. Denies the allegations set forth in paragraph "64" of the complaint.

65. Denies the allegations set forth in paragraph "65" of the complaint.

66. In response to the allegations set forth in paragraph "66" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "65" of this answer as if fully set forth herein.

67. Denies the allegations set forth in paragraph "67" of the complaint.

68. Denies the allegations set forth in paragraph "68" of the complaint.

69. In response to the allegations set forth in paragraph "69" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "68" of this answer as if fully set forth herein.

70. Denies the allegations set forth in paragraph "70" of the complaint.

71. In response to the allegations set forth in paragraph "71" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "70" of this answer as if fully set forth herein.

72. Denies the allegations set forth in paragraph "72" of the complaint.

73. In response to the allegations set forth in paragraph "73" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "72" of this answer as if fully set forth herein.

74. Denies the allegations set forth in paragraph "74" of the complaint.

75. Denies the allegations set forth in paragraph "75" of the complaint.

76. In response to the allegations set forth in paragraph "76" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "75" of this answer as if fully set forth herein.

77. Denies the allegations set forth in paragraph "77" of the complaint.

78. Denies the allegations set forth in paragraph "78" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

79. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

80. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

81. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

82. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or the intervening culpable or negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of the defendant City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

83. This action may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

84.     Plaintiff may have failed to comply with New York General Municipal Law §§ 50-(e) and (i).

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

85.     There was probable cause for plaintiff's arrest, detention, and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

86.     Plaintiff may not recover punitive damages from defendant City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

87.     To the extent the complaint alleges claims against the City of New York under state law, such claims are barred by the doctrines of immunity from judgmental errors in the exercise of governmental functions.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

88.     Plaintiff may have failed to comply with the conditions precedent to suit.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

89.     Plaintiff's claims may be barred in part by the doctrines of *res judicata* and/or *collateral estoppel*.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

90.     Plaintiff provoked any incident.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           January 18, 2008

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the
                      City of New York
                    Attorney for Defendant City of New York
                    100 Church Street, Room 3-142
                    New York, New York 10007
                    (212) 788-1895

By: _____
      Brooke Birnbaum
      Assistant Corporation Counsel

To:   Brett Klein, Esq. (by ECF)
      Attorney for Plaintiff

Docket No. 07-CV-9379 (PAC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD SMITH,

                              Plaintiff,

                   -against-

THE CITY OF NEW YORK and JOHN and JANE DOE 1 Through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants..

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Brooke Birnbaum*
*Tel:  (212) 676-1347*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .......................................... ,2007*

*.................................................................. Esq.*

*Attorney for .........................................................*